UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOAH SUMMERVILLE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GOTHAM COMEDY FOUNDATION, INC.,<br><br>　　　　　　　Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Noah Summerville brings this action on behalf of himself, and all others similarly situated against Gotham Comedy Foundation, Inc., (d/b/a "Gotham Comedy Club") ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.　For over a year, Defendant has been subjecting online ticket purchasers to hidden "service fees" in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a consumer selects an admission ticket through its online ticket servicer's website www.showclix.com/[1], they are quoted a fee-less price, only to be ambushed by a $4.50 per ticket "convenience fee" at checkout after clicking through the various screens required to make a purchase – all while a clocking is ticking down for the consumer to complete the transaction. Because New York is a busy place, and because these fees are only flashed *after* a consumer

---

[1] The amount of service fees and where in the checkout process they are disclosed is determined by Defendant. Other entities which also use www.showclix.com as their online ticket servicer display their service fees in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

selects their ticket, Defendant can plausibly put its customers on a shot clock and tell them they need to decide quickly because Defendant cannot hold their seats open forever. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2. To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id*. This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for events at Defendant's venue for actual damages, reasonable attorneys' fees and costs, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. There is minimum diversity under 28 U.S.C. § 1332(d) because many class members who visit Defendant's club come from other states and other countries. Moreover, Plaintiff is currently a citizen of New Jersey and resides in Jersey City, New Jersey.

5. This Court has personal jurisdiction over Defendant because Defendant operates a website that sells tickets to comedy events taking place in state of New York through its website, and because Defendant operates a comedy club.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this cause of occurred within this District, and because Defendant maintains its principal place of business within this District.

## PARTIES

7. Plaintiff Noah Summerville is an individual consumer who, at all times material hereto, was a citizen and resident of Jersey City, New Jersey. On July 30, 2023, Plaintiff purchased three admission tickets to see an event at Defendant's comedy club and was charged $13.50 in fees. The transaction flow process he viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 5 in this Complaint.

8. Defendant Gotham Comedy Foundation, Inc., is a New York not-for-profit corporation doing with its principal place of business in New York, New York. Defendant owns and operates Gotham Comedy Club, located at 208 W 23rd St, New York, NY 10011.

## RELEVANT FACTUAL ALLEGATIONS

9. When a person visits Defendant's website, https://www.gothamcomedyclub.org/, they are shown upcoming shows and presented with the option to purchase tickets. *See* Figure 1.



**Figure 1**

10. After a consumer selects the show they would like to see, they must select a date and time. *See* Figure 2.



**Figure 2**

11. After selecting a date and time the customer is then taken to the corresponding event page on www.showclix.com to complete the checkout process. At this event page, the customer sees the ticket price, here $20, and is directed to a "Select Seats" button. *See* Figure 3. The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4). *Id.*



**Figure 3**

12. After the consumer clicks the select seats button in Figure 3, the consumer is taken to another page where they are prompted to select a seat. *See* Figure 4. On hovering over a seat, the ticket price is listed without mention of any service fee, a further violation of New York Arts & Cultural Affairs Law § 25.07(4). *Id.* What's more, on this page a timer appears in the top righthand corner of the webpage and an 8-minute countdown begins. *Id.*



**Figure 4**

13. Only after the customer has clicked on the seat they would like does the full cost of the ticket appear. Now, for the first time, the additional $4.50 charge per ticket "service fee" is revealed. *See* Figure 5.

6



**Figure 5**

14. By this point, excluding taxes, the price of each ticket has gone from the $20 originally shown to $24.50.

**NEW YORK ARTS & CULTURAL AFFAIRS LAW**

15.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the purchaser.  Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figures 2 through 6.

16.     Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law.  As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices."  *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1.  "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself."  *Id.*  "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser."  *Id*. at 2 (emphasis added).  "In short, the ticket listing must include the total cost of the ticket, <u>with a breakdown of all service charges, fees and surcharges</u>, that the purchaser must pay just to purchase the ticket."  *Id.* (emphasis added).

## CLASS REPRESENTATION ALLEGATIONS

17.    **Nationwide Class:** Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets through www.showclix.com to any event hosted by the Gotham Comedy Club in the State of New York on or after August 29, 2022 (the "Nationwide Class").  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

18.    **New York Subclass:** Plaintiff also seeks to represent a subclass defined as all individuals in New York who purchased electronic tickets through www.showclix.com to any event hosted by the Gotham Comedy Club in the State of New York on or after August 29, 2022 (the "New York Subclass").  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

19.    Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class and New York Subclass are at least in the thousands.  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

20.    Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts &

9

Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendant failed to disclose its booking fee in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

21. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total cost of its tickets, including Defendant's convenience fees, throughout the online ticket purchase process.

22. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because his interests do not conflict with the interests of the Nationwide Class and New York Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and his counsel.

23. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members. Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### New York Arts & Cultural Affairs Law § 25.07
**(On Behalf Of The Nationwide Class and New York Subclass)**

24. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

25. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

26. Defendant is an "operator… of a place of entertainment" because Defendant owns, operates, or controls a comedy club. "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added). "'Operator' means any person who owns, operates, or controls a place of entertainment." N.Y. Arts & Cult. Aff. Law § 25.03(5).

27. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 1 through 5 of this Complaint.

28. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures 1 through 5 of this Complaint.

29. Defendant's "convenience fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

30. November 14, 2023, Plaintiff purchased two admission tickets to see an event at Defendant's club and was forced to pay Defendant's convenience fees in the total amount of $9.00. Plaintiff was harmed by paying these convenience fees becausethe total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, are unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

31. Plaintiff was also harmed by paying these convenience fees because they were not clearly and conspicuously disclosed on the final checkout page, and therefore, are unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

32. On behalf of himself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* Arts & Cult. Aff. Law § 25.33.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Nationwide Class and New York Subclass members;

(b)     For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)     For an order finding in favor of Plaintiff, the Nationwide Class, and the New York Subclass on all counts asserted herein;

(d)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiff and the Nationwide Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: February 27, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:    */s/ Philip L. Fraietta*
         Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice forthcoming*)
Luke W. Sironski-White (*pro hac vice forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*